IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE SHANELL HOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2328-L-BN |
| | § | |
| ASSET LIVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Natalie Shanell Hood filed a *pro se* complaint that appears to primarily raise employment-related claims. *See* Dkt. No. 3.

Hood also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. So United States District Judge Sam A. Lindsay referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Hood leave to proceed IFP, *see* Dkt. No. 6, subjecting her claims to screening under 28 U.S.C. § 1915(e)(2).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint as filed without prejudice to Hood's ability to file an amended complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP (or any portion of that complaint) if it fails to state a claim on which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

As to Hood's employment claims, she alleges violations of Title VII of the Civil Rights Act of 1964 as amended and Chapter 21 of the Texas Labor Code. *See* Dkt. No. 3 at 1. Claims under Chapter 21 are analyzed as Title VII claims where "[t]he legal framework governing claims under [Chapter 21] is the same as for claims brought under Title VII." *Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x 363, 365 n.1 (5th Cir. 2014) (per curiam) (citations omitted). So the Court will address Hood's employment claims under Title VII.

Hood has sued multiple individuals who appear to be former supervisors or coworkers. *See* Dkt. No. 3 at 2. But, "[a]s Title VII prohibits discrimination in the employment context, generally only employers may be liable under Title VII." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted). So "Title VII does not impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)).

And, because Hood has not alleged facts to demonstrate that the individuals named as defendants may be considered "employers" as defined in Title VII, the employment claims against them should be dismissed with prejudice. *See, e.g.*, *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (per curiam) ("Umoren's Title VII claims against the Individual Defendants were properly dismissed because 'relief under Title VII is only available against an employer, not an individual supervisor or fellow employee.'" (quoting *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (citing, in turn, 42 U.S.C. § 2000e(b)'s definition of "employer"))).

Next, to the extent that Hood has sued an employer, she alleges that the employer is liable under Title VII (and Chapter 21) because she "was discriminated, retaliated, and slandered against based on her race, religion, disability, and based on her prior protected EEOC activities before and after she was terminated from Asset Living and SWBC PEO; was subjected to a hostile work environment causing mental health disorder and wrongful termination"; and "was denied reasonable

- 4 -

accommodation." Dkt. No. 3 at 1.

In support of this, Hood has filed a complaint that consists of 156 pages – six pages of allegations and 150 pages of attached documents. Pleading in this manner is neither simple, concise, nor direct. Nevertheless, "an attachment to a complaint generally becomes 'part of the pleading for all purposes.'" *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) (quoting FED. R. CIV. P. 10(c)). And attached to Hood's complaint is a single charge of discrimination, asserting:

> I believe that I have been discriminated against because of my race-black.
> Beginning in or around March 24, 2023, while employed as an Assistant Manager, the Property Manager, Blanca Morales, began retaliating against me. On or about March 24, 2023, I filed a complaint to Human Resources about race-based discrimination in the form of commission payments that I was not given. Meanwhile, my colleague, Karemys, race-Hispanic, was given the commissions. Subsequently, Morales stopped allowing me to work on lease agreements.
> In addition, Morales would speak poorly about me behind my back, which I believe is defamation of character.
> I believe that I have been discriminated against because of my race-black in violation of Title VII of the Civil Rights Act of 1964, as amended.

Dkt. No. 3-3 at 34; *see also id.* at 30-33 (EEOC right-to-sue letter issued July 26, 2023). These attachments are consistent with Hood's allegations concerning administrative exhaustion. *See* Dkt. No. 3 at 6.

As to administrative exhaustion, "Title VII requires" it. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019). Its purpose "is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Id.* (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). Administrative exhaustion therefore "provides an opportunity for

voluntary compliance before a civil action is instituted." *Id.*

But these "charge-filing instruction[s are] not jurisdictional…. [Instead,] they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019).

That is, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citations omitted).

So, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up); *see also Holmes v. Thomson Reuters (Tax & Accounting), Inc.*, No. 3:19-cv-933-M, 2020 WL 215813, at *5 (N.D. Tex. Jan. 13, 2020) ("To obtain dismissal under [Federal Rule of Civil Procedure] 12(c), Defendant's 'successful affirmative defense must appear clearly on the face of the pleadings.'" (cleaned up; quoting *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) ("Stated another way, the defendant is not entitled to dismissal under Rule 12(c) unless the plaintiff has pleaded herself out of court by admitting to all of the elements of the defense." (cleaned up)))).

As explained above, Hood has pled exhaustion and made the charge that she filed part of the pleadings. And the undersigned finds that the authority cited above in the context of Rules 12(b)(6) and 12(c) applies equally to screening a complaint filed IFP under Section 1915. So the Court may consider at this stage whether Hood "has pleaded herself out of court by admitting to all of the elements of the defense" of

exhaustion. *Clemmer*, 2015 WL 1757358, at *2.

Considering the claims alleged in the complaint that could be exhausted by the charge attached to it, the charge's "scope … should be construed liberally." *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).

But such a construction must be weighed against the statutory goal of "trigger[ing] the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco*, 448 F.3d at 788-89.

> To attain a balance between the two, courts in this circuit interpret
>
> "what is properly embraced in review of a [wrongful employment practice] claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). "[Courts should] engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Id.*

*Patton*, 874 F.3d at 443; *accord Jennings v. Towers Watson*, 11 F.4th 335, 342-43 (5th Cir. 2021).

Applying these standards, Hood has only alleged that she exhausted claims of discrimination based on race.

The Court should therefore dismiss Hood's initial complaint without prejudice to her ability to file an amended complaint alleging employment discrimination claims (1) based on race (2) against an employer as defined by Title VII. And, to the extent that Hood may intend to reallege state-law claims in the amended complaint,

realleging a Title VII claim would generally allow for supplemental jurisdiction under 28 U.S.C. § 1367 for related state-law claims.

## Recommendation

The Court should dismiss the complaint without prejudice to Plaintiff Natalie Shanell Hood's ability to file an amended complaint within a reasonable time to be set by the Court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE