IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATALIE SHANELL HOOD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. **3:23-CV-2328-L-BN** |
| | § | |
| **ASSET LIVING et. al,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

On October 20, 2023, *pro se* Plaintiff Natalie Hood ("Plaintiff") filed this action and moved to proceed *in forma pauperis*. *See* Compl. (Doc. 3); Motion (Doc. 5). Pursuant to 28 U.S.C. § 636(b), this action was automatically referred to Magistrate Judge David Horan for screening under 28 U.S.C. § 1915(e)(2). On November 7, 2023, Judge Horan entered his Findings, Conclusions and Recommendation ("Report") (Doc. 7) recommending that the court **dismiss without prejudice** Plaintiff's complaint (Doc. 1) and grant Plaintiff an opportunity to replead her claims. Report 1. Plaintiff has not filed objections to the Report, and the deadline to do so has expired.

Plaintiff is a "33-year-old, Native African American female, who[se] national origin is America[n] [and] she is Muslim." Compl. 2. Between October 2022 and July 2023 she was employed by Defendant Asset Living as a "Leasing Agent/Assistant Manager." *Id.* On July 15, 2023, she filed a complaint with the EEOC and Texas Workforce Commission (the "EEOC Complaint") asserting one claim for racial discrimination. *Id.* 5-6. In her EEOC Complaint she alleged:

> Beginning in or around March 24, 2023, while employed as an Assistant Manager, the Property Manager, [Defendant] Blanca Morales, began retaliating

> against me. On or about March 24, 2023, I filed a complaint to Human Resources about race-based discrimination in the form of commission payments that I was not given. Meanwhile, my colleague, [Defendant Karemys La Grenade], race-Hispanic, was given the commissions. Subsequently, Morales stopped allowing me to work on lease agreements.
>
> In addition, Morales would speak poorly about me behind my back, which I believe is defamation of character.

*Id.* at Ex. 3, p. 34 (Doc. 3-3); *see also id.* at Ex. 3, p. 30-33 (EEOC right-to-sue letter issued July 26, 2023). On July 21, 2023, Plaintiff was terminated. Compl. 5.

After the EEOC denied Plaintiff's EEOC Complaint and issued her a right-to-sue letter on July 26, 2023, she filed her complaint before the court (the "Complaint"), on October 20, 2023. In Plaintiff's Complaint—which is 156 pages, 6 pages of allegations and 150 pages of attached documents—she alleges that several former supervisors and coworkers denied her "reasonable accommodations," and "discriminated, retaliated, and slandered" her based on her "race, religion, disability, and prior protected EEOC activities" in violation of Title VII. *Id.* at 1.

The Report concludes that Plaintiff fails to sue an "employer" who is subject to Title VII liability. Report 4; *Umoren v. Plano Indep. Sch. Dist.*, 457 F. App'x 422, 425 (5th Cir. 2012) (per curiam) ("[Plaintiff's] Title VII claims against the Individual Defendants were properly dismissed because relief under Title VII is only available against an employer, not an individual supervisor or fellow employee.") (citations and quotations omitted); *see also* 42 U.S.C. § 2000e(b) (definition of "employer" under Title VII).

Further, a condition precedent to bringing suit on an employment discrimination claim is the timely filing and exhaustion of an EEOC charge. *Young v. City of Houston,* 906 F.2d 177, 179 (5th Cir.1990). The scope of the lawsuit thereafter extends no further than the scope of the investigation that can reasonably be expected to grow out of the charge of discrimination. *Id.*; *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993). The Report concludes that although

**Order – Page 2**

Plaintiff alleges several additional claims in her Complaint, she only asserted one claim for racial discrimination in her EEOC Complaint. Report 5. Therefore, Plaintiff many only allege in her Complaint claims for racial discrimination because it is the only claim that falls within the scope of her EEOC Complaint and that Plaintiff administratively exhausted. *Id.*

Accordingly, the Report concludes that Plaintiff's Complaint should be dismissed without prejudice, and she should be given an opportunity to file an amended complaint "alleging employment discrimination claims (1) based on race, and (2) against an employer as defined by Title VII." Report 7.

Having considered the EEOC Complaint, Complaint, Report, file, and record in this case, the court determines that the magistrate judge's finding and conclusions in the Report are correct and **accepts** them as those of the court. Accordingly, Plaintiff's Complaint is **dismissed without prejudice**. Further, the court agrees with the Report's recommendation that it is in the interests of justice to permit Plaintiff an opportunity to amend her claims by a deadline set by the court. Accordingly, the court **grants** Plaintiff leave to file an amended complaint to include any allegation of racial discrimination by an employer in violation of Title VII. Plaintiff must file her Amended Complaint **on or before February 14, 2024**. Failure to do so by that date will result in dismissal of this action with prejudice. *See* Fed. R. Civ. P. 12(b)(6).

**It is so ordered** this 17th day of January, 2024.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge